IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JFS, AC, by and through her parent
and next friend, Joyce Chavez,

        Plaintiffs,

vs.                                                  No. 1:20-cv-01061-WJ-KK

ALBUQUERQUE PUBLIC SCHOOLS,
JASON HOLLIS-REYNOLDS,
ANTHONY GRIEGO,

        Defendants.

## **MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT**

THIS MATTER comes before the Court upon Defendants APS and Anthony Griego's (the "removal Defendants") Response to this Court's Order to Show Cause, filed May 6, 2021 (**Doc. 54**) (the "Response"). The underlying Order to Show Cause (Doc. 53) ordered the removal Defendants to show why this Court may exercise federal jurisdiction over the above-captioned case. Having reviewed the Response and other relevant docket items, the Court concludes that subject matter jurisdiction did not exist at the time this case was removed to federal court. Consequently, this case is hereby REMANDED to state court.

### **Background**

On October 14, 2020, Defendants Albuquerque Public Schools ("APS") and Anthony Griego filed a Notice of Removal (Doc. 1) alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. As relevant here, the Notice of Removal alleges that the original Complaint (Doc. 1-1), filed on September 15, 2020 in the Second Judicial District Court, Bernalillo, New Mexico (Case No. D-202-CV-2020-05169), asserts claims giving rise to "federal

1

question" jurisdiction under 28 U.S.C. § 1331. *See* Doc. 1 ¶¶ 3–6. Specifically, the Notice of Removal claims that the original Complaint "alleges discrimination on the basis of sex in violation of Title IX, claiming sexual harassment, sexual misconduct, and sexual assault on behalf of Defendant Hollis-Reynolds." *Id.* at ¶ 5.

The original Complaint contains five causes of action: Count 1 – Sexual Assault, Sexual Misconduct, and Sexual Harassment (Defendant Hollis); Count 2 – Intentional Infliction of Emotional Distress Resulting in Post-Traumatic Stress Syndrome (Defendant Hollis); and (3) Count 3 – Negligence (Defendant Griego); (4) Count 4 – Respondeat Superior (Defendants APS, John and Jane Does 1–10); and (5) Count 5 – Loss of Consortium (All Defendants). The original Complaint was very poorly drafted in that there was no mention of state or federal law. Several months after removal, on February 18, 2021, Plaintiffs filed their First Amended Complaint (the "Amended Complaint"). Doc. 35. The Amended Complaint contains causes of action brought under 42 U.S.C. § 1983; 20 U.S.C. § 1681; the Fourteenth Amendment of the United States Constitution; and the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1, *et seq.* (the "NMTCA") and alleges federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367(a). *Id.*

In the Response, the removal Defendants submit that the removal of this case was based on representations from Plaintiffs' counsel that Plaintiffs intended to assert claims under Title IX. As support, the removal Defendants attach as an exhibit an October 6, 2020 email from Megan Muirhead, Esq. (counsel for the removal Defendants) to Luis Robles, Esq. (counsel for Defendant Hollis-Reynolds). *See* Doc 54-1, Exhibit 1 (the "October 6th email"). The email reads, in relevant part:

> Hi Luis,
> You were right, Erika[1] agreed that they intend this to be a Title IX case. She offered to amend, but I don't know if that is needed. We'll prepare to remove. Can you prepare a consent to removal for Mr. Hollis-Reynolds?

Removal Defendants assert that this representation of intention is congruent with the contents of the original Complaint and confirmed by the Plaintiffs' decision to file the Amended Complaint, which clearly asserts Title IX claims. Consequently, the Response urges the Court to look beyond the inartful drafting of the original Complaint and instead find that Defendants have established federal question jurisdiction based on the following: (1) the original Complaint's failure to cite to the NMTCA; (2) the language of original Complaint, which is arguably consistent with a Title IX cause of action; (3) Plaintiffs' counsel's representation of intent, memorialized in the October 6th email; and (4) Plaintiffs' subsequent filing of the Amended Complaint. For reasons further described below, the Court declines to make a finding that the original Complaint pleads a federal cause of action.

**Legal Standard**

An action initially filed in state court may be removed to federal district court if the district court has original jurisdiction. *See* 28 U.S.C. 1441(a). Original jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Removal statutes are strictly construed. *See Fajen v. Found. Reserve Ins.*, 683 F.2d 331, 333 (10th Cir. 1982) ("All doubts are to be resolved against removal"). The defendant seeking removal bears the burden of establishing federal jurisdiction "by a preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). "If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[1] "Erika" refers to Plaintiffs' counsel Erika E. Anderson, Esq.

Federal courts have original jurisdiction over claims arising under the U.S. Constitution or federal law, pursuant to 28 U.S.C. § 1331. *See* U.S. Const. At. III, § 2; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Courts refer to this type of subject matter jurisdiction as federal question jurisdiction. The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In civil actions, the plaintiff is "the master of the claim," and thus "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* On the other hand, though, a plaintiff may not avoid federal jurisdiction by mere "artful pleading." *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1061 (10th Cir. 2006).

The artful pleading doctrine is a narrow exception to the well-pleaded complaint rule, it prevents a plaintiff from defeating removal by failing to plead necessary federal questions. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998); *see also Livingston v. Bean*, No. 03-CV-495-JH/ACT, 2004 WL 7337639, at *2 (D.N.M. July 23, 2004) ("[A] plaintiff may not disguise the nature of his complaint by artificial, vague or incomplete characterizations of his claims in order to avoid federal jurisdiction.").

## Discussion

**I.    The Court will not consider the October 6th email or the Amended Complaint**

The Response claims that, based on the verbal confirmation from Plaintiffs' counsel (memorialized in the October 6th email[2]) that her clients "intended" to assert Title IX claims, Defendants were "on notice" that the original Complaint asserted a federal cause of action when

---

[2]    It is worth noting, once again, that the October 6th email was authored by counsel for removal Defendants. It merely relays to Defendant Hollis-Reynolds' attorney the purported contents of a conversation between Plaintiffs' counsel and counsel for removal Defendants.

4

they filed the Notice of Removal on October 14, 2020. Doc. 54 at 1–2. The Response further submits that the Plaintiffs' subsequent post-removal filing of the Amended Complaint acts as a "confirmation" of the unspoken intention to plead Title IX claims from the outset of this case. In order to determine whether removal Defendants present a viable argument, the Court must first determine whether it may consider the October 6th email and Amended Complaint in its inquiry on whether this case presented a federal question at the time of removal.

Generally, "original jurisdiction is lacking unless. . . diversity of citizenship or a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (internal quotations and citation omitted). Thus, "[t]he propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)); *see also Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 872–73 (6th Cir. 2000) (denying effect to post-removal stipulations, in large part because such a consideration would allow parties to manipulate federal jurisdiction and encourage forum shopping). Chief United States Magistrate Judge Carmen E. Garza has dealt with the issue of whether to consider post-removal documents on two occasions. In both cases, Chief Magistrate Judge Garza concluded that the court may not consider documents filed in response to or in support of a motion to remand. *See Vernon v. Oil Patch Grp., Inc*., No. 20-CV-1270 CG/GBW, 2021 WL 231102, at *4 (D.N.M. Jan. 22, 2021); *Salazar v. City of Albuquerque Plan. & Zoning Dep't Bldg. & Safety Div*., No. 09-CV-263 CG/RLP, 2009 WL 10708210, at *2 (D.N.M. May 21, 2009).[3] This Court finds that the Response and its attached exhibit are sufficiently similar to the post-removal documents excluded in *Vernon* and *Salazar*. In *Vernon*, after a thorough discussion of relevant

---

[3] In both of these cases, parties consented to proceed before a U.S. Magistrate Judge pursuant to Fed. R. Civ. P. 73. *See Vernon*, No. 20-CV-1270-CG/GBW, at Doc. 22; *Salazar*, No. 09-CV-263-CG/RLP, at Docs. 8,9, and 14.

case law, Chief Magistrate Judge Garza concluded that she could appropriately consider all papers submitted at the time of removal, including the notice of removal and its attachments. 2021 WL 231102, at *4. The Court agrees with the sound reasoning presented in *Vernon*, and therefore it will follow the same route in considering only documents that were filed at the time of removal, namely the Notice of Removal (Doc. 1) and the original Complaint and its attachments (Doc. 1-1). The Court will not consider the Amended Complaint, filed on February 18, 2021, or the October 8th email,[4] which, while in existence at the time of removal, was not placed on the record until May 6, 2021 as an exhibit attached to the Response.

## II. The original Complaint and Notice of Removal do not establish federal question jurisdiction by a preponderance of the evidence.

The Court must first note that the face of the original Complaint does not reveal the presence of federal question jurisdiction. The Notice of Removal states that, despite the lack of reference to federal law, the original Complaint pleads Count I (Sexual Harassment, Sexual Misconduct, and Sexual Harassment), a right of action that is "implied" from federal statute. Doc. 1 at ¶ 5 (citing *Suaza v. Taos Living Center, LLC,* No. 18-CV-000673-JAP/KK, 2018 WL 4773405, at *1 (D.N.M. Oct. 3, 2018)). The Notice of Removal further states that federal question jurisdiction is present because the case "arises under federal law, presents a federal question, and is controlled by federal law." Doc. 1 at ¶ 6. The Response adds dimension to the Notice of

---

[4] Even if the Court found that it could consider the October 8th email, it would likely find that the contents of the email do not sufficiently establish proof of federal question jurisdiction. An unstated "intention" held by Plaintiffs and revealed to Defendants via an off the record conversation would not act as a substitute for Plaintiffs amending the complaint or otherwise clarifying the nature of their claims on the record prior to removal. The Court is of the opinion that the best course of action would have been for Defendants to move for a more definite statement, pointing out the original Complaint's defects and requesting clarification on whether Plaintiffs were asserting Title IX claims. *See* N.M. R. Civ. P. Dist. Ct. 1-012(E) (allowing a party to move for a more definite statement before interposing its responsive pleading),

Removal's conclusory allegations that 28 U.S.C. § 1331 federal question jurisdiction is present in this case.

The Response contends that the original Complaint brings a Title IX claim, albeit one that must be stitched together from discrete allegations embedded in the state tort claims. First, Removal Defendants point out that teacher-on-student sexual harassment, as alleged in Count I, can constitute discrimination under Title IX, and, further, the Statement of Facts and Counts I and IV contain allegations that, when read together, trace a showing of the elements necessary for a claim of Title IX liability based on teacher-on-student sexual harassment.[5] Specifically, the Response asks the Court to find that the following allegations establish the presence of a concealed Title IX claim:

- Count III (Negligence), ¶¶ 38, 40, and 44—APS Principal Anthony Griego was "made aware of multiple allegations of sexual misconduct" by APS teacher Jason Hollis-Reynolds; Defendant Griego "made a conscience (sic) decision not to involve the Albuquerque Police Department for a formal investigation"; Defendant Griego "purposefully protected Defendant Hollis by not taking immediate action"; and, his "conduct was intentional, reckless, willful and done with disregard."

- Statement of Facts, ¶¶ 10–19; 23—alleging that Defendant Hollis-Reynolds' behaviors began during the "first month" of the 2019/2020 school year and continued through December of 2020 and listing the "numerous occasions" in which Defendant Hollis-Reynolds engaged in acts of sexual harassment. Alleging that "five (5) other Valley High School students… had made similar complaints…against Defendant Hollis (sic)."

- Count I (Sexual Assault, Sexual Misconduct and Sexual Harassment), ¶¶ 28–30—alleging that Defendant Hollis-Reynolds "committed the civil tort of sexual assault by intentionally or recklessly engaging in threatening and menacing conduct, such

---

[5] The Response lists elements presented in *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1119 (10th Cir. 2008), a case that dealt with *student-on-student* sexual harassment. The Tenth Circuit differs from other federal circuits in requiring, in cases based on student-on-student or teacher-on-student sexual harassment, a showing that (1) the school has actual knowledge of and (2) remains deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offense that (4) it deprived the victim of access to educational benefits or opportunities provided by the school. *Compare Escue v. N. OK Coll.*, 450 F.3d 1146, 1152 (10th Cir. 2006) (imposing supervisory liability on school for teacher-on-student sexual harassment only if these four elements are shown), *with Sauls v. Pierce Cty. Sch. Dist.*, 399 F.3d 1279, 1284 (11th Cir. 2005) (when teacher-on-student harassment is the basis for a Title IX claim, a plaintiff does not need to establish that the conduct was so severe, pervasive and objectively offense that it deprived the plaintiff equal access to educational programs or opportunities).

- as unwarranted touching, inappropriate questions about sexual orientation, sending pictures of himself to JFS, and harassing JFS by sending Snapchats and by going to one of her other classes," all of which caused JFS "to suffer from anxiety, severe emotional distress and trauma, posttraumatic stress disorder, and [] to incur damages including poor educational performance, medical expenses, psychological counseling, lost earning capacity, pain and suffering and loss of enjoyment of life."

- Count IV (Respondeat Superior), ¶ 50—alleging that, "as a further direct and proximate result of negligent acts and omissions of Defendants [APS and John and Jane Does 1–10], Plaintiff JFS experienced mental anguish, emotional distress. . . and loss of chance for her education."

Upon careful review of the original Complaint and consideration of the above-listed allegations, the Court is unable to make a finding that, *more likely than not*, the face of Plaintiff's well-pleaded complaint reveals any embedded federal claims.

The Response's discussion of the "artful pleading" doctrine, which mandates that a plaintiff cannot omit essential facts in order to avoid federal jurisdiction, does not controvert this determination. The removal Defendants contend that the original Complaint's failure to cite to the NMTCA implicates, by necessity, a federal cause of action.[6] Thus, according to the removal Defendants, this action falls into the narrow "artful pleading" exception to the well-pleaded complaint rule. Tenth Circuit authority does not support this argument, as the case law generally aligns the "artful pleading" exception with the "complete preemption" doctrine, which involves circumstances not present in this case. *See Livingston v. Bean*, No. CV 03-495 JH/ACT, 2004 WL 7337639, at *2 (D.N.M. July 23, 2004) (noting that "[v]arious courts however, including the Tenth Circuit, indicate that the artful pleading doctrine is only available if Congress has completely preempted the particular field") (internal citations omitted); *see also Schmeling v. NORDAM*, 97

---

[6] It is worth noting that, as laid out in the Amended Complaint, Plaintiffs have a viable NMTCA waiver, NMSA § 41-4-6, at their disposal. *See* Doc. 35 at ¶ 3. This Memorandum Opinion and Order will not address any possible pleading standards imposed by the NMTCA or New Mexico Rules of Civil Procedure for the District Courts, but the Court is not inclined to find that Plaintiffs' failure to affirmatively plead a waiver of immunity is of significance in this matter.

F.3d 1336, 1339 (10th Cir.1996) (analyzing artful pleading doctrine under complete preemption doctrine analysis). When the "complete preemption" doctrine is properly invoked, a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim "necessarily federal in character." *Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1061 (10th Cir. 2006) (quoting *Schmeling*, 97 F.3d at 1339). "Complete preemption" does not apply to the circumstances present here, where Plaintiffs have pleaded common law tort claims without citing to a statutory waiver of the State's immunity from such claims. Rather "complete preemption" is a term of art—"a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." *Schmeling*, 97 F.3d at 1342.

Federal question jurisdiction also exists if the resolution of a state law cause of action can only be accomplished via a detailed review and interpretation of federal law. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005) (holding that federal question jurisdiction exists when a "state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"). The Notice of Removal appears to allege that this type of federal question jurisdiction is present, an allegation that the Court must reject given the contents of the original Complaint.

Here, the original Complaint does not contain any issue that would force a court to interpret federal law. In contrast, the quiet title action in *Grable* alleged that the defendant's record title was invalid based on the Internal Revenue Service's failure to comply with 26 U.S.C. § 6335, a section of the Internal Revenue Code which governs the sale of seized property. *Id.* at 311. Federal

jurisdiction existed because it was "plain that a controversy respecting the construction and effect of the [federal] laws is involved." *Id.* at 316 (quoting *Hopkins v. Walker*, 244 U.S. 486, 489 (1917)). The original Complaint contains causes of action that could be resolved solely through the application of New Mexico tort law, and thus these state law claims do not raise a substantial and necessary federal issue.

Finally, the circumstances presented by this case provide the Court an opportunity to reiterate the Tenth Circuit's commentary from <u>Greenshields v. Warren Petroleum Corp.</u>:

> Removability is dependent upon the course of pleading actually used by the pleader and not by what he could have asserted had he so chosen. Since Sec. 1441(c) was intended to restrict, not enlarge, removal rights *all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction.*

248 F.2d 61, 65 (10th Cir. 1957) (emphasis added). The inartful drafting of the original Complaint, while certainly frustrating, did not create a loophole for Defendants to use Plaintiffs' ambiguity as a basis for establishing the federal question jurisdiction necessary for removal of this case.

## Conclusion

To summarize, the Court finds that removal Defendants have not met their burden of establishing, by a preponderance of the evidence, that federal question jurisdiction existed at the time of removal.

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the Second Judicial District Court, County of Bernalillo, State of New Mexico. The Clerk of Court is directed to take the necessary actions to effectuate this remand.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE